STATE OF NORTH CAROLINA v. JAMES ALLISON.

(Filed 10 July 1968.)

**1. Criminal Law § 134—**

Upon trial court's request for argument from counsel for defense and from the solicitor prior to the sentencing of defendant upon his plea of guilty to the charge of felonious escape, defendant was not prejudiced by the solicitor's argument that defendant had cases pending against him that had been nol prossed with leave or that defendant should be incarcerated for a considerable length of time for the protection of society, the defendant neither contending that the statements were inaccurate or that he was denied the right to introduce evidence in mitigation before judgment.

**2. Same—**

A judgment will not be disturbed because of sentencing procedures unless there is a showing of an abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play.

**3. Escape § 1—**

    Sentence of imprisonment of one year imposed upon defendant's plea of guilty to the charge of felonious escape is within the statutory maximum, G.S. 148-45, and is not excessive.

APPEAL by defendant from *McKinnon, J.,* February 1968 Criminal Session of Superior Court of PERSON County.

Defendant was charged in a valid bill of indictment with the felony of escape, it being a second offense. Upon a plea of guilty, the Court pronounced judgment of imprisonment "for a term of one year to begin at the expiration of all sentences he was serving or had to serve on the date of the escape on July 5, 1967, the last such sentence being one imposed in the Superior Court of Lincoln County on May 14, 1965 of not less than four nor more than nine years for breaking and entering and larceny." From the judgment imposed, the defendant appeals to the Court of Appeals.

*Attorney General T. W. Bruton and Deputy Attorney General Ralph Moody for the State.*

*Ramsey, Long & Jackson by George W. Jackson for the defendant.*

MALLARD, C.J. Defendant's only assignment of error is to certain remarks made by the solicitor to the trial judge after the defendant had entered a plea of guilty to the charge in the bill of indictment and before the imposition of judgment.

The record on appeal reveals that after the plea of guilty and after hearing the evidence presented, the Court *requested argument* from counsel for defendant and from the solicitor. The solicitor told the Court "that the defendant had cases pending against him in Alamance County that were nol prossed with leave at a prior time" and that "defendant's counsel had approached him (Solicitor) in an effort to work a deal with him (Solicitor)" . . . "that the defendant should be incarcerated for a considerable length of time to keep people like the defendant from preying on society."

The defendant does not contend that these statements made by the solicitor are inaccurate. The defendant does not contend that he was denied the right to introduce evidence in mitigation before judgment. The defendant's contention that these statements by the solicitor were not a proper subject of argument, under the circumstances revealed by this record, is without merit. In *State v. Pope,* 257 N.C. 326, 126 S.E. 2d 126, the Supreme Court said, "A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defend-

ant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play."

The sentence imposed by Judge McKinnon was not excessive. Under the provisions of the applicable statute, G.S. 148-45, the judge could have sentenced the defendant to imprisonment for a minimum of six months or a maximum of three years. None of defendant's fundamental rights were violated; he has had a fair trial.

The judgment of the Court is

Affirmed.

BROCK and PARKER, JJ., concur.